**Opinion filed May 25, 2017**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-16-00283-CR & 11-16-00284-CR
_____

## VERNON RICHARD SANDERS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause Nos. 20179B & 20358B**

### M E M O R A N D U M   O P I N I O N

Based upon an open plea of guilty in each cause, the trial court convicted Vernon Richard Sanders of the second-degree felony offense of possession of between four grams and two hundred grams of methamphetamine. Both offenses were enhanced by a prior felony conviction, an allegation to which Appellant pleaded true. The trial court held a hearing as to punishment, convicted Appellant of the offenses, found the enhancement allegation to be true in each cause, and

assessed Appellant's punishment at confinement for forty years for each offense—to run concurrently. We dismiss the appeals.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the records and applicable law and concludes that the appeals are frivolous and without merit. Counsel has provided Appellant with a copy of the brief, the motion to withdraw, the reporter's record, and the clerk's record with respect to these appeals. Counsel also advised Appellant of his right to review the records and file a response to counsel's brief. Appellant has not filed a response.[1]

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.). In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the records, and we agree that the appeals are without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409.

---

[1]This court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief.

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

We grant the motion to withdraw in each cause, and we dismiss the appeals.

PER CURIAM

May 25, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.